United States v. Singletary

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of March, two thousand seventeen.

PRESENT: JON O. NEWMAN,
  DENNIS JACOBS,
                          **Circuit Judges**,
  LEWIS A. KAPLAN,*
                          **District Judge**.

- - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA**,
          **Appellee**,

          **-v.-**                          16-595

**LAVERNE SINGLETARY**,
          **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - -X

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                    JON P. GETZ, Muldoon, Getz, &
                                  Reston, Rochester, New York.

FOR APPELLEE:                     JOSEPH J. KARASZEWSKI, for James
                                  P. Kennedy, Jr., Acting United
                                  States Attorney for the Western
                                  District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, Ch.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Laverne Singletary appeals from the judgment of the United States District Court for the Western District of New York (Geraci, C.J.) denying his motion for a new trial after a jury convicted him of being a felon in possession of a firearm and of simple possession of marijuana.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.  We affirm because Singletary received the potentially exculpatory impeachment material with enough time to effectively use it at trial.

Amy Pfeffer of the Rochester Police Department and Robert Masucci of the Monroe County Office of Probation stopped Singletary on October 6, 2012.  After Singletary bolted, the officers caught up to him and found several bags

2

of marijuana in Singletary's pocket and a handgun he discarded on the sidewalk.  Masucci processed the firearm and the marijuana at the police station, but wrote on the evidence labels that Pfeffer collected the items and sealed the bags.  Masucci testified that he used Pfeffer's name as a convenience: because Masucci was an officer in the Monroe County Office of Probation, his name was not in the Rochester Police Department's system.

Singletary moved for a new trial after conviction on the basis of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963): he argued that he did not learn of the mislabeled evidence bags early enough.  The district judge denied the motion.  Singletary learned that Masucci had filled out the evidence labels when Masucci testified to that effect on the first day of trial.  Singletary's attorney cross-examined Masucci, but did not seek a continuance after his direct.[1]

"The basic rule of <u>Brady</u> is that the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment."  <u>United States v. Coppa</u>, 267 F.3d 132, 139 (2d Cir. 2001).  That rule encompasses evidence that can be

---

[1] Masucci was the key government witness because Pfeffer did not testify during the trial––she resigned from the police department before the trial, and signaled that she would take the Fifth Amendment if asked to testify.

used to impeach a government witness.  Id. (citing Giglio v. United States, 405 U.S. 150, 154 (1972)).  But the constitution requires only that the government disclose such evidence "in time for its effective use at trial," id. at 142, and effective use can be made even when evidence is disclosed for the first time during trial.  See Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001).

Masucci's misstatements about the evidence bags may well have been material for impeachment, and Singletary certainly seemed to treat them as such: the defense aggressively cross-examined Masucci about the incorrectly labeled evidence bags, forced him to admit that the evidence bag labels were "lies," called a witness from the Rochester Police Department who testified that what Masucci did was "forgery," and argued about the incorrect labels in his closing statement.  Singletary has failed to offer any concrete examples of how he could have used the information more effectively at trial if he had learned of it earlier. He suffered no prejudice from the timing of the disclosure, and there was therefore no Brady violation.  Coppa, 267 F.3d at 140-42.  His ill-defined claim of prosecutorial misconduct fails for the same reason.

4

For the foregoing reasons, and finding no merit in Singletary's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK